UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANA MAURICE MILLER,

    Petitioner,

                              CASE NO. 2:15-cv-12056
v.                            HONORABLE DENISE PAGE HOOD

STEVE RIVARD,

    Respondent.
_____/

### ORDER DENYING PETITIONER'S MOTION
### FOR APPOINTMENT OF A PRIVATE INVESTIGATOR
**(Docket No. 3)**

    Petitioner Dana Maurice Miller has filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254.  The habeas petition challenges Petitioner's state convictions for first-degree murder, Mich. Comp. Laws § 750.316, felon in possession of a firearm, Mich. Comp. Laws § 750.224f, and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b.  Petitioner is serving a life sentence for the murder conviction, two to five years in prison for the felon-in-possession conviction, and two years for the felony-firearm conviction.  The Michigan Court of Appeals affirmed Petitioner's convictions, *see People v. Miller*, No. 314659 (Mich. Ct. App. June 17, 2014), and, on November 25, 2014, the

Michigan Supreme Court denied leave to appeal because it was not persuaded to review the questions. *See People v. Miller*, 497 Mich. 905; 856 N.W.2d 21 (2014) (table).

On June 5, 2015, Petitioner filed his habeas corpus petition in which he raises several issues regarding the sufficiency of the evidence, the trial court, the prosecutor, and trial counsel. Currently pending before the Court is Petitioner's motion for appointment of a private investigator. Petitioner states that he needs a private investigator to show that the murder victim did not report him to the police for an incident that occurred more than a year before the murder.

Habeas petitioners are not entitled to discovery as a matter of course. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). The scope and extent of discovery "is a matter confided to the discretion of the District Court." *Id*. at 909. In this case, moreover, it appears that the disputed evidence was introduced to show that Petitioner had threatened the victim with a firearm in the past. The Michigan Court of Appeals concluded that the trial court properly admitted the evidence to show Petitioner's intent to commit murder.

This Court is bound by the state court's interpretation of state law, *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005), and any errors in the application of state law, especially rulings about the admission or exclusion of evidence, usually are not questioned in a federal habeas corpus proceeding. *Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir. 2000) (citing *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir. 1988)). Accordingly, Petitioner's motion for appointment of a private investigator, Docket No. 3, is denied.

                              S/Denise Page Hood
                              Denise Page Hood
                              United States District Judge

Dated:  December 17, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 17, 2015, by electronic and/or ordinary mail.

                              S/LaShawn R. Saulsberry
                              Case Manager