UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANA MAURICE MILLER,

        Petitioner,

v.                                          CASE NO. 2:15-cv-12056
                                             HONORABLE DENISE PAGE HOOD

STEVE RIVARD,

        Respondent.
_____/

**ORDER DENYING PETITIONER'S APPLICATION
FOR A CERTIFICATE OF APPEALABILITY [30]**

## I. INTRODUCTION

Petitioner Dana Maurice Miller filed a *pro se* habeas corpus petition challenging his state convictions for first-degree murder, Mich. Comp. Laws § 750.316(1)(a), felon in possession of a firearm, Mich. Comp. Laws § 750.224f, and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b. Petitioner alleged as grounds for relief that: (1) the evidence at trial was insufficient to support his murder conviction; (2) the trial court abused its discretion by admitting testimony about Petitioner's prior "bad acts;" (3) the prosecutor denied him a fair trial by questioning him about being arrested in front of a "dope" house and neglecting to visit his mother; (4) the prosecutor denied him a fair trial by introducing evidence that a prosecution witness did not have a

criminal record; (5) the trial court erred by rejecting his defense and penalizing him for exercising his right to testify; (6) defense counsel was ineffective for failing to call the medical examiner as a witness; (7) defense counsel was ineffective for arguing an invalid defense; (8) the trial court violated his right of confrontation; (9) the prosecution failed to establish the *corpus delicti* of the murder; and (10) the prosecutor and defense counsel denied him the right to present a defense by not producing the medical examiner as a witness.

On May 31, 2018, the Court denied the habeas petition because Petitioner's third and fourth claims were procedurally defaulted and because the state appellate court's adjudication of the other claims was not contrary to clearly established federal law. The Court also declined to issue a certificate of appealability, but granted leave to appeal *in forma pauperis*. This matter presently is before the Court on Petitioner's application for a certificate of appealability.

## II. DISCUSSION

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve

2

encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. . . . . When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack*, 529 U.S. at 484.

Petitioner's application for a certificate of appealability is moot because the Court declined to issue a certificate of appealability in its dispositive opinion. The application also lacks merit because it merely reiterates each of Petitioner's habeas claims and then states that the issue is debatable among jurists of reason, that a court could resolve the issue differently, and that the question is adequate to deserve encouragement to proceed further.

The Court does not believe the issues warrant encouragement to proceed further because, as the Court explained in its dispositive opinion: a rational trier of fact could conclude from the evidence taken in a light most favorable to the prosecution that Petitioner premeditated and deliberated the killing; Petitioner's

challenge to the admission of "other acts" evidence is not a cognizable claim; Petitioner's third and fourth claims regarding the prosecutor's conduct are procedurally defaulted because Petitioner admitted that he did not object to the alleged misconduct at trial, the Michigan Court of Appeals enforced the State's contemporaneous-objection rule, and Petitioner did not allege "cause" for his procedural defaults; the trial court did not use an incorrect burden of proof or violate Petitioner's constitutional right to testify; Petitioner's trial attorney was not ineffective; Petitioner waived or forfeited his right to confront a witness, and the alleged error was harmless; and Petitioner's confession to a probation officer was admissible in evidence because the prosecution established the *corpus delicti* for the murder.

Reasonable jurists would not find the Court's assessment of habeas claims one, two, and five through ten debatable or wrong, and reasonable jurists would not find the Court's procedural ruling on Petitioner's third and fourth claims incorrect. The Court, therefore, denies Petitioner's application for a certificate of appealability (Docket No. 30). Petitioner may seek a certificate of appealability from the Court of Appeals.

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: August 21, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 21, 2018, by electronic and/or ordinary mail.

        S/LaShawn R. Saulsberry
        Case Manager